United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EDGAR ALEXIS MUNOZ-MUNOZ,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 1:14-127 | |
| § | Criminal No. 1:11-966-3 | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 21, 2014, Petitioner Edgar Alexis Munoz-Munoz ("Munoz-Munoz") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On September 24, 2014, the United States timely responded to the motion. Dkt. No. 12.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Munoz-Munoz's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Munoz-Munoz's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

### I. Procedural and Factual Background

On December 8, 2011, a federal grand jury – sitting in Brownsville, Texas – indicted Munoz-Munoz for (1) conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, and (2) possession with intent to distribute more than 50 grams of methamphetamine. U.S. v. Munoz-Munoz, Criminal No. 1:11-966-3, Dkt. No. 24 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment and Waiver of Appellate Rights

On February 22, 2012, Munoz-Munoz appeared before the District Judge and pled guilty to possession with intent to distribute more than 50 grams of methamphetamine, pursuant to a written plea agreement. CR Dkt. No. 62.

Both Munoz-Munoz's written plea agreement and plea colloquy indicate that Munoz-Munoz knowingly and voluntarily waived his appellate rights. CR Dkt. No. 62, ¶ 11; CR Dkt. No. 95, p. 12.

As relevant here, paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. § 2255.
>
> If the defendant files a notice of appeal following imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 62, ¶ 11.

During the plea colloquy, the District Judge established that Munoz-Munoz understood he was waiving his appellate rights.

> [Court]: There are times and circumstances, Mr. Munoz, when you can appeal any sentence I may impose against you. Do you understand that?
> [Munoz-Munoz]: Yes.
> [Court]: In paragraph 11 of your agreement with the government, you've agreed to waive or give up the right to appeal the sentence imposed or the manner on which it was determined on any grounds set forth in Title 18, United States Code, Section 3742. And you've also agreed to waive or give up the right to collaterally attack the conviction after it becomes final by any means including those under Title 28, United States Code, Section 2255. So do you understand you're giving up these appellate rights in your agreement with the government?
> [Munoz-Munoz]: Yes.

CR Dkt. No. 95, p. 12.

The Court established that Munoz-Munoz had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 95. Munoz-Munoz informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Munoz-Munoz that the Court did not have to follow any recommendation within the plea agreement; and that the Court could

2

sentence Munoz-Munoz to something more than Munoz-Munoz might anticipate. Id. Munoz-Munoz stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Munoz-Munoz gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Munoz-Munoz confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Munoz-Munoz entered a plea of guilty to the charge of possession with intent to distribute more than 50 grams of methamphetamine. Id.

### B. Sentencing

In the final presentence report, Munoz-Munoz was assessed a base offense level of 36, as a result of being held accountable for 1.49 kilograms of methamphetamine. CR Dkt. No. 74, pp. 17-18. Munoz-Munoz's base offense level was reduced by two levels because he met the requirements for "safety valve" under U.S.S.G. § 5C1.2. Id. Munoz-Munoz was also given a three-level reduction for acceptance of responsibility. Id. Accordingly, his total offense level was 31. Id.

Munoz-Munoz had no prior criminal convictions, resulting in zero criminal history points. CR Dkt. No. 74, p. 18. With no criminal history points, Munoz-Munoz was assessed a criminal history category of I. Id. The presentence report, based upon Munoz-Munoz's offense level of 31 and criminal history category I, identified a guideline sentencing range of 108 to 135 months of imprisonment. Id., p. 21.

On May 30, 2012, the District Court held the sentencing hearing. CR Dkt. No. 96. At the hearing, Munoz-Munoz's counsel motioned the Court for his client to be given a downward departure; arguing that Munoz-Munoz played only a minor role in the criminal conduct. Id, pp. 20-22. The Court denied the motion. Id.

The Court sentenced Munoz-Munoz to 108 months of incarceration, three years of supervised release – without supervision – and a $100.00 special assessment. CR Dkt. No.

96, pp. 22-23. The count of conspiracy to possess with intent to distribute was dismissed on the Government's motion. Id. The judgment was entered on June 11, 2012. CR Dkt. No. 86.

### C. Direct Appeal

On May 30, 2012, Munoz-Munoz filed a notice of appeal. CR Dkt. No. 78.

On October 4, 2012, Munoz-Munoz's appointed appellate counsel filed an Anders[1] brief, asserting that there were no meritorious issues for appeal. U.S. v. Munoz-Munoz, Case No. 12-40609. Munoz-Munoz did not file a response to the Anders brief.

On April 16, 2013, the Fifth Circuit dismissed the case, holding that "the appeal is dismissed as frivolous." CR Dkt. No. 136. The Fifth Circuit remanded the case to the District Court to correct a "clerical error" in the judgment. Id.[2]

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for certiorari. Thus, Munoz-Munoz's conviction became final on July 15, 2013, when the time to file a petition for certiorari expired. U.S. v. Franks, 397 F. App'x 95, 98 (5th Cir. 2010) (unpubl.) ("a conviction becomes final upon the expiration of the time for seeking certiorari, even when the prisoner has not filed such a petition."). Thus, Munoz-Munoz had until July 15, 2014, to file a § 2255 petition. 28 U.S.C. § 2255(f)(1).

On April 30, 2013, the District Court issued an amended judgment. CR Dkt. No. 134.

### D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On July 14, 2014, Munoz-Munoz timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.[3] In his petition, Munoz-Munoz made six claims for relief:

(1) counsel was ineffective for failing "to explain or inform movant that he would   .

---

[1] Anders v. Calif., 386 U.S. 738 (1967).

[2] It appears that the clerical error was that the original judgment said that Munoz-Munoz possessed 1.3 grams of methamphetamine, rather than 1.3 kilograms of methamphetamine. CR Dkt. No. 86.

[3] The petition appears on the docket on July 21, 2014. Dkt. No. 1. Munoz-Munoz dated the petition July 14, 2014. Id, p. 13. The petition is considered filed on the date that it is delivered to the prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). The Court will consider the petition to have been filed on July 14, 2014.

. . receive a four level enhancement because the government was alleging that movant was an organizer or a leader of criminal activity;"

(2) counsel was ineffective for failing to inform Munoz-Munoz that he "was not going to receive a two level adjustment pursuant to [U.S.S.G. §] 5C1.1 safety valve;"

(3) counsel was ineffective for failing to object that the Government did not provide him with a copy of the PSR at least 35 days prior to the sentencing hearing;

(4) appellate counsel was ineffective for withdrawing from the appeal;

(5) counsel was ineffective for failing to seek a downward departure;

(6) Munoz-Munoz was denied "the right to represent himself in court." Dkt. No. 1.

On September 24, 2014, the Government timely filed a response to the petition. Dkt. No. 16. The Government seeks specific performance of the plea agreement, asserting that Munoz-Munoz waived his right to file the instant petition and that, even if not waived, Munoz-Munoz's claims are substantively meritless. Id.

## II. Applicable Law

### A. Section 2255

Munoz-Munoz seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction,

allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007). Waiver will not preclude relief, however, if petitioner's waiver and guilty plea are the product of ineffective assistance of counsel. See U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel claim may only challenge the assistance directly related to the effectiveness of the waiver).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994). A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). The relevant legal standards as to each of Munoz-Munoz's claims are addressed in the following sections examining those allegations.

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Munoz-Munoz's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Munoz-Munoz's claim.

**A. Waiver of Appellate Rights**

In various allegations, Munoz-Munoz has asserted that his counsel was ineffective. These allegations entitle Munoz-Munoz to no relief. He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States. His waiver bars relief under 28 U.S.C. § 2255. U.S.v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). "A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record in this case is unequivocal and reveals that the plea agreement expressly stated that Munoz-Munoz was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence

after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 62, ¶ 11. That same paragraph indicates that Munoz-Munoz was giving up those rights.

Furthermore, the plea colloquy established that Munoz-Munoz understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 95, p. 22. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Munoz-Munoz provided no evidence contradicting his in-court statements. Indeed, Munoz-Munoz was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement. Accordingly, the record establishes, without doubt, that Munoz-Munoz's waiver was knowingly and voluntarily made.

As noted earlier, such waivers preclude relief for ineffective assistance of counsel, unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002). According to Munoz-Munoz, his waiver does not preclude his §2255 petition, because his attorney's purported failures affected his decision to plead guilty.

According to Munoz-Munoz, his counsel was ineffective for letting him plead guilty without informing him that he would be subject to certain sentencing enhancements and without objecting to the Government's failure to timely provide the PSR. Dkt. No. 1, p. 4. He avers that his attorney's purported failures made his guilty plea "involuntary and unknowing." Dkt. No. 1, p. 4. Each of these attacks on the waiver are considered below.

First, Munoz-Munoz asserts that his lawyer never told him that he would be assessed a four-level sentencing enhancement for being an organizer or leader of the criminal activity. Dkt. No. 1, p. 4. The fact of the matter is that Munoz-Munoz did not receive this enhancement. CR Dkt. No. 74. As such, the claim is directly contradicted by the record and is plainly meritless.

Second, Munoz-Munoz also asserts that his attorney failed to inform him that he would not be receiving "safety valve" and the resulting two-level downward departure. Dkt. No. 1, p. 4. Contrary to Munoz-Munoz's claim, he received the "safety valve," as provided

by U.S.S.G. § 5C1.2. CR Dkt. No. 74, ¶ 99. Again, this claim is refuted by the record and is meritless.

Finally, as to the claim that counsel failed to object to the timeliness of the PSR, that claim is also meritless.[4] Federal Rule of Criminal Procedure 35(e)(2) establishes that the probation office "must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." In this case, sentencing occurred on May 30, 2012. CR Dkt. No. 96. Thus, to be timely the report had to be given to Munoz-Munoz's attorney no later than April 25, 2012 – which is 35 days prior to sentencing. The report was prepared on April 2, 2012. CR Dkt. No. 74. Munoz-Munoz's attorney had the report no later than April 19, 2012, which is evident from the fact that he filed a statement of no objections to the PSR on that date. CR Dkt. No. 72. Thus, it clear from the record that the 35-day requirement was met.

Moreover, at that sentencing hearing, Munoz-Munoz stated under oath that he had reviewed the PSR with his attorney. See U.S. v. Jackson, 453 F.3d 302, 306 (5th Cir. 2006) (noting that a defendant has a right to "examine" the PSR and object to its contents). By any measure, the PSR was timely provided to Munoz-Munoz and his counsel. Furthermore, even if the PSR was not timely provided, Munoz-Munoz has failed to establish any prejudice from the alleged failure, given that he was able to review the PSR in advance of the sentencing hearing. This claim is meritless.

Given the fact that either the claimed failures did not occur, or they occurred after the guilty plea was entered, they could not have affected the decision to plead guilty; nor do they

---

[4] In addition to the fact that this claim is belied by the record, it defies logic. In short, there is no way – at the time of the entry of the guilty plea – that Munoz-Munoz's attorney could have known that the PSR would be provided late. The PSR is not prepared until after a defendant pleads guilty. There is no obvious way – and Munoz-Munoz has offered none – that Munoz-Munoz's counsel could have known, at the time of the guilty plea, that the probation office might not timely provide the PSR. See U.S. v. Fields, 565 F.3d 290, 295 (5th Cir.2009) ("Clairvoyance is not a required attribute of effective representation."). Thus, this purported failure could not have impacted Munoz-Munoz's decision to plead guilty.

impact the validity of the plea agreement.[5]

Further, Munoz-Munoz's waiver clearly applies to this case. Munoz-Munoz is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, this case should be dismissed based upon that waiver.

### B. Withdrawing From the Appeal

Munoz-Munoz has asserted that his appellate counsel was ineffective for withdrawing from the appeal.[6] Munoz-Munoz may be referring to his appellate counsel's decision to file an Anders brief, which conceded the absence of non-frivolous issues for appeal. Irrespective of how Munoz-Munoz frames the issue, it is meritless.

Appellate counsel moved to withdraw from the case and filed an Anders brief. Despite being given an opportunity to respond, Munoz-Munoz failed to file a response. The Fifth Circuit granted the motion, finding no non-frivolous grounds for an appeal, perhaps because Munoz-Munoz knowingly and voluntarily waived his right to file the appeal. Thus, by obvious implication, the Fifth Circuit has already ruled that appellate counsel was justified in withdrawing from the case.

Accordingly, this claim has already been addressed and rejected by the Fifth Circuit and should not be re-litigated. U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). This claim should be denied.

### C. Downward Departure

Munoz-Munoz asserts that his trial counsel was ineffective for failing to seek a

---

[5] The analysis of these three claims, based upon the waiver of appellate rights, is the same analysis – with the same result – that applies to any similar claim on the merits. For that reason, these claims also fail on the merits and the Court will not address them further.

[6] Munoz-Munoz's claim is not entirely clear on this point. To the extent that Munoz-Munoz is asserting that trial counsel was ineffective for not filing a requested notice of appeal, that claim is clearly belied by the record and is meritless. See CR Dkt. No. 78 (notice of appeal).

downward departure, based upon Munoz-Munoz's allegedly minor role in the offense.

Once again, this claim is contradicted by the record. At sentencing, counsel moved for a sentencing reduction, arguing that Munoz-Munoz only played a minor role in the offense. The Court denied the motion. Thus, the issue was raised and rejected.

The fact that the argument was ultimately unsuccessful does not mean the lawyer was ineffective. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness."). This claim is without merit and should be denied.

### D. Self-Representation

Munoz-Munoz states, cryptically, that he was denied "the right to represent himself in court." Dkt. No. 1, p. 8. This claim is raised for the first time on appeal and has no basis in the record.

A criminal defendant has the constitutional right to refuse counsel and represent himself. Faretta v. California, 422 U.S. 806 (1975). In order to invoke this right, the defendant "must clearly and unequivocally request to proceed pro se." U.S. v. Long, 597 F.3d 720, 724 (5th Cir. 2010).

At no point in the proceedings did Munoz-Munoz make any request to proceed pro se. Instead, Munoz-Munoz stated under oath, at his rearraignment hearing, that he was satisfied with the advice and explanations that his attorney had provided. CR Dkt. No. 95, p. 4. Given that Munoz-Munoz did not clearly and unequivocally request to represent himself, the Court did not err by having him be represented by counsel. Accordingly, this claim should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Edgar Alexis Munoz-Munoz's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Munoz-Munoz has waived his right to file the instant petition. Alternatively, it should be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Munoz-Munoz's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Munoz-Munoz's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on March 24, 2016.

                                                            Ronald G. Morgan
                                                            United States Magistrate Judge